Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| RICKY PÉREZ SANTOS Y OTROS<br><br>Recurrido<br><br>v.<br><br>MEDTRONIC, INC. Y OTROS<br><br>Peticionario | KLCE202400729 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Sobre: Daños y Perjuicios (Arts. 1802 & 1803), Difamación y Libelo, Conducta Impropia Sexual, Intervención Contractual Torticera del Código Civil<br><br>Caso Número: PO2021CV01185 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de septiembre de 2024.

Los peticionarios, Medtronic Puerto Rico Operations Company (Medtronic) y Elvin Vélez Santiago, comparecen ante nos para que dejemos sin efecto la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala de Ponce, el 3 de junio de 2024. Mediante la misma, el foro primario declaró *Ha Lugar*, de manera parcial, una solicitud de desestimación promovida por los peticionarios.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

### I

El 24 de mayo de 2021, la parte aquí recurrida, compuesta por Ibeth Colón y su esposo, Ricky Pérez, presentó una primera *Demanda* en contra de Medtronic, Elvin Vélez Santiago, John Doe, Richard Roe y sus compañías aseguradoras. En la misma, alegó que Ibeth Colón trabajó en Medtronic, como guardia de seguridad.

Sostuvo que fue asignada a laborar en la referida entidad por parte de Allied Universal Security Services (Allied), con quien tenía un contrato laboral. Planteó que, mientras laboró en Medtronic, estuvo sujeta a un alegado patrón de hostigamiento sexual, difamación y libelo por parte del empleado, Elvin Vélez Santiago. Alegó que había reportado varios incidentes a Medtronic, siguiendo los procedimientos y las normas correspondientes. Sin embargo, esbozó que nunca recibió respuesta sobre el estatus de sus quejas.[1] Así, la parte recurrida invocó los remedios pertinentes a la conducta imputada, ello a tenor con lo dispuesto en los siguientes estatutos: Título VII de la Ley Federal de Derechos Civiles de 2 de julio de 1964, 42 USCA sec. 2000e *et seq.*; Ley Contra el Discrimen en el Empleo, Ley Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 146 *et seq.*; Ley federal Americans with Disabilities Act (ADA), 42 USC sec. 12101 *et seq.*; Ley de Represalias, Ley Núm. 115 de 20 de diciembre de 1991, 29 LPRA sec. 681 *et seq.*; Ley federal Age Discrimination in Employment Act of 1967 (ADEA), 29 USC sec. 621 *et seq.*; Ley para Prohibir el Discrimen Contra las Personas con Impedimentos Físicos, Mentales o Sensoriales, Ley Núm. 44 de 2 de julio de 1985, 1 LPRA sec. 501 *et seq.*; Ley para Garantizar la Igualdad de Derecho al Empleo, Ley Núm. 69 de 6 de julio de 1985, 29 LPRA sec. 1321 *et seq.*; y Ley contra el Hostigamiento Sexual en el Empleo, Ley Núm. 17 de 22 de abril de 1988, 29 LPRA sec. 155 *et seq.* Tras plantearse que no eran de aplicación las leyes laborales invocadas, por no existir una relación obrero patronal entre Ibeth Colón y Medtronic, el 12 de septiembre de 2022 la parte recurrida desistió voluntariamente de la *Demanda* original.

Posteriormente, el 28 de febrero de 2023, la parte recurrida presentó *Segunda Demanda Enmendada.* En la misma, reclamó

---

[1] Destacamos que Allied Universal Security Services sustituyó a Securitas Services of Puerto Rico.

daños en contra de los peticionarios por actuaciones culposas y negligentes por conducta sexual inapropiada, difamación y libelo e interferencia torticera.

Posteriormente, el 2 de mayo de 2023, los peticionarios presentaron *Solicitud de Desestimación de Segunda Demanda Enmendada al Amparo de la Regla 10.2 de Procedimiento Civil*. En esta, plantearon que las causas de conducta sexual impropia, difamación y libelo estaban prescritas por basarse en hechos ocurridos en el año 2017. A su vez, añadió que la causa de acción de interferencia torticera era improcedente debido a que Medtronic no era un tercero ajeno, ya que este tenía una relación contractual con Allied. Sostuvo además que, la causa de acción por interferencia torticera debía ser desestimada debido a que Allied era una parte indispensable que debía ser traída al pleito para poder adjudicar la acción.

Tras evaluar la solicitud de desestimación de los peticionarios y luego de que la recurrida se expresara sobre esta, el 12 de octubre de 2023, el Tribunal de Primera Instancia declaró *No Ha Lugar* la misma.

En desacuerdo, el 27 de octubre de 2023, los aquí peticionarios presentaron una *Moción de Reconsideración* en la cual reiteraron que, las reclamaciones sobre difamación y libelo estaban prescritas. Además, añadieron que no existían hechos que justificaran la acción de interferencia torticera, debido a que Medtronic no podía ser considerado como un tercero ajeno, ya que tenían un contrato de servicios con Allied. Sostuvo que, en ese tipo de relación contractual y de negocios, la figura de interferencia torticera no tenía cabida. Añadió que, Allied había sido el patrono directo de Ibeth Colón por lo que, este debía ser traído al pleito como parte indispensable para poder adjudicar la reclamación.

Así las cosas, y tras varias incidencias procesales, el 3 de junio de 2024, el Tribunal de Primera Instancia emitió *Resoluci[ó]n sobre Reconsideración.* En esta, estableció que no había duda sobre el hecho de que, al momento de los hechos, el patrono de Ibeth Colón era Allied, por lo que este era una parte indispensable en el pleito, sin la cual no podía adjudicarse la acción de interferencia torticera. Consecuentemente, declaró *Ha Lugar* la solicitud de reconsideración a los efectos de desestimar con perjuicio la causa de acción instada sobre interferencia culposa de terceros con obligaciones contractuales. Finalmente, ordenó la continuación del pleito en cuanto a las reclamaciones de daños y perjuicios extracontractuales bajo los Artículos 1802 y 1803 del Código Civil de 1930 31 LPRA secs. 5141 y 5142.[2]

Aún en desacuerdo, el 2 de julio de 2024, los peticionarios acudieron ante nos mediante el presente recurso de *certiorari.* Plantean los siguientes señalamientos de error:

> Erró el TPI al no considerar en la Resolución aquí recurrida los argumentos bien sustentados en hecho y derecho de la parte peticionaria en torno a la extinción por prescripción de la causa de acción por supuestos actos difamatorios y libelosos y a la insuficiencia de las alegaciones por lo que procedía la desestimación de la segunda demanda enmendada con perjuicio.

> Erró el TPI al no desestimar la causa de acción sobre la alegada conducta sexual impropia bajo el C[ó]digo Civil de 1930 vigente durante las alegaciones de la demanda pese la parte recurrida haber reconocido en corte abierta que su patrono era Allied y desistir de la causa de acción por presunto hostigamiento sexual en el trabajo al amparo de la Ley Núm. 17-1988 la cual es el remedio exclusivo en ley para tales alegaciones.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

---

[2] Advertimos que, mediante la aprobación del Código Civil de 2020, Ley 55-2020, 31 LPRA sec. 1 *et seq.,* el Código Civil de 1930 quedó derogado. No obstante, hacemos referencia a sus términos, toda vez su vigencia al momento de la ocurrencia de los hechos de autos.

las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

   A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

   B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

   C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

   D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

   E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

   F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

   G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

   4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

Un examen del expediente ante nuestra consideración mueve nuestro criterio a concluir que no concurre condición legítima alguna que amerite que impongamos nuestras funciones revisoras sobre las debidamente ejercidas por el Tribunal de Primera Instancia. Nada en el expediente sugiere que, en el ejercicio de sus facultades, el tribunal primario haya incurrido en error de derecho o en abuso de discreción, de modo que nos compete soslayar la norma de abstención judicial.

Siendo de este modo, no podemos sino abstenernos de intervenir con el asunto traído ante nuestra consideración. Así,

amparados en la facultad que emana de la Regla 40 del Tribunal de Apelaciones, *supra,* resolvemos denegar la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones